UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOMMY KIRTDOLL, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:15-cv-00396-WTL-DML |
| vs. ) | |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Tommy Kirtdoll for a writ of habeas corpus challenges a prison disciplinary proceeding in CIC 14-04-0179 in which he was found guilty of conspiring or attempting to deal in a controlled substance. For the reasons explained in this entry, Mr. Kirtdoll's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 1, 2014, Internal Affairs ("IA") Officer Mavis Grady issued a Report of Conduct charging Mr. Kirtdoll with conspiring or attempting to deal in a controlled substance, in violation of Code A-100 and 111. The Report of Conduct states:

> On December 6, 2013, Offender Kirtdoll, Tommy #207089 at approximately 8:05 pm was removed from his cell and placed in the Administrative Restrictive Housing Unit under investigation after the arrest of Toya Davis, wife of Offender Davis, Chris #148440. Offender Kirtdoll was pending investigation for the Conspiracy/ Attempting/Aiding/Abetting to Commit any Class A Offense for the dealing of a Schedule I, II, and/or III Controlled Substance associated with the arrest of Mrs. Davis.
>
> Based on information obtained in this investigation, the findings show Offender Kirtdoll was involved in the conspiracy/attempting/aiding/abetting in the dealing of schedule I, II, and/or III controlled substance.

IA Officer Grady also completed a Report of Investigation of Incident, which states:

> On the night of December 6, 2014 Offender Kirtdoll, Tommy #207089 was placed in the Administrative Restrictive Housing Unit the night of the arrest of Toya Davis, wife of Offender Chris Davis #148440. Offender Kirtdoll was suspected as being involved with other offenders at the Correctional Industrial Facility (CIF) in the financing and distribution of suboxone. Information obtained from Ms. Toya Davis's phone showed several phone calls to Ms. Toya Davis were from Deanna Morgan. Ms. Morgan is listed [as] a friend on Kirtdoll's phone records. This investigation revealed that Ms. Morgan is the girlfriend of Offender Duckett, Shedrick #174693. Several text messages were made to Ms. Davis from Ms. Morgan providing her with Green Dot Numbers under the phone listing of (773) 655-5346. Offender Kirtdoll knowingly allowed Offender Duckett to use his pin # to engage in the conspiracy/attempting/aiding/abetting in the dealing of a scheduled I, II, or III controlled substance with Ms. Davis. Offender Kirtdoll submitted Ms. Morgan[']s name to be added [t]o his phone list July 19, 2013. Offender Duckett, Kirtdoll's bunkie[,] was just sanctioned for 45 days phone restriction for being caught with a cell phone on June 29, 2013. Evidence shows Offender Kirtdoll placed phone calls to his family members from Duckett's phone. Offender Kirtdoll['s] pin # was used by Offender Duckett where he placed over 190 calls to the (773) 655-5346 number. On the same day of Ms. Davis['] arrest, a green dot number was provided from the (773) 655-5346 number.

Mr. Kirtdoll was notified of the charge on October 2, 2014, when he was served with the Report of Conduct, the Report of Investigation of Incident, and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Kirtdoll did not want to call any witnesses but that he requested the investigation report and the green dot numbers. Both requests were denied because they were confidential. Mr. Kirtdoll waived the 24 notice of a hearing.

The Hearing Officer conducted a disciplinary hearing on October 2, 2014. Mr. Kirtdoll stated, "I let Offender Duckuct [sic] use my Pin # when he was on Phone Restriction, I did put his girlfriend['s] name on my phone list so he could call her with my Pin. I did not know what he was doing." The Hearing Officer relied on staff reports, Mr. Kirtdoll's statement, and the IA investigation documents to determine that Mr. Kirtdoll had conspired or attempted to deal in a controlled substance. The hearing officer noted that Mr. Kirtdoll "stated of his own free will of putting Duckett['s] girlfriend on his phone list and letting [him] use his pin." The sanctions imposed included a written reprimand, a 45-day phone restriction, 180 days of disciplinary segregation, the deprivation of 180 days of earned credit time, and a demotion from credit class I to credit class II. The Hearing Officer imposed the sanctions because of the nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Kirtdoll filed an appeal to the Facility Head on October 15, 2014. The Facility Head modified the sanctions to include time served for the disciplinary segregation, 180 days of lost earned credit time, and a suspended demotion from credit class I to II. Mr. Kirtdoll's appeal to the Final Reviewing Authority was denied. Mr. Kirtdoll filed his petition for writ of habeas corpus on March 9, 2015.

### III. Analysis

Mr. Kirtdoll alleges that his due process rights were violated during the disciplinary proceeding. His claims are: 1) he was not given proper notice of the charge; 2) he was denied the opportunity to present documentary evidence; and 3) there was insufficient evidence to support the conviction.

Mr. Kirtdoll's first claim is that he was not given adequate notice of the charge because the place of the incident was listed as "cell" and there are many cells in the prison. He also argues that the date of the incident on the conduct report was the date he was placed in restrictive housing, not the date of the incidents. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Mr. Kirtdoll has not demonstrated that he was unable to gather relevant facts and prepare his defense. He was notified of the offense, the individuals involved in the alleged conspiracy, and the phone number at issue. Even though the conduct report listed the wrong incident date, Mr. Kirtdoll was provided the Report of Investigation which provided great detail in terms of the dates of when the misconduct occurred. In fact, Mr. Kirtdoll was able to prepare his defense as shown by his statement at the hearing admitting that he knew his cell-mate was on phone restriction and yet he let him use his pin number. He also admitted putting the other offender's girlfriend's name on his phone list. He argued that he did not know what his cell-mate was doing. Mr. Kirtdoll has shown no insufficiency in notice and even if he had, he has shown no prejudice from any alleged

insufficiency. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

Mr. Kirtdoll argues next that he was denied due process when he was not given a copy of the confidential investigation file. Mr. Kirtdoll, however, does not have a due process right in this context to view all of the evidence that was considered. *White v. Indiana Parole Bd.,* 266 F.3d 759, 767 (7th Cir. 2001) ("disciplinary boards need not place on the record all of the evidence that influences their decisions. The [Supreme] Court [in *Wolf*] recognized that considerations of institutional security may militate against full disclosure.").

The final claim is the alleged lack of evidence. The prison conducted an investigation over the course of several months of a group of offenders who were suspected of being involved in the financing and distributing of suboxone. Shortly after his cell-mate's cell phone was discovered and confiscated, Mr. Kirtdoll gave his cell-mate his pin number. His cell-mate called Deanna Morgan more than 190 times and provided her with green dot numbers that were then communicated to Toya Davis, the wife of another offender, who was arrested. Mr. Kirtdoll added Ms. Morgan's name to his phone list. This, and other confidential information, sufficiently tied Mr. Kirtdoll to the group who was involved with the green dot numbers and distribution of controlled substances.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report, Report of Investigation of Incident, confidential

IA file, as well as Mr. Kirtdoll's statements, constituted sufficient evidence to support the charge and conviction.

Mr. Kirtdoll was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Kirtdoll's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Kirtdoll's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  3/23/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

TOMMY KIRTDOLL   #207089
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN  46064